UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| THOMAS GENE PEISER,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>Respondent. | No. 6:23-CV-00063-H |

**OPINION AND ORDER**

Petitioner Thomas Gene Peiser, a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and life sentence out of Runnels County for capital murder and tampering with evidence. Dkt. No. 1. Respondent filed an answer with copies of Petitioner's relevant state-court records, arguing that the petition is without merit. Dkt. Nos. 11, 12. Petitioner filed a reply with a supporting brief. Dkt. Nos. 13, 14. As explained below, the Court finds that Petitioner has failed to overcome the difficult, deferential standard of 28 U.S.C. § 2254(d). Thus, the petition must be denied and dismissed with prejudice.

## 1. Background

In cause number 6685, styled *State of Texas v. Thomas Gene Peiser*, Petitioner was charged in a three-count indictment with the murder of Antonio Romo by shooting him with a firearm, tampering with physical evidence (a human corpse), and tampering with physical evidence (a firearm).[1] Dkt. No. 11-6 at 5–6. He pled not guilty, but on September 27, 2019, a jury found him guilty and sentenced him to life imprisonment in the

[1] Respondent set forth the underlying facts of Petitioner's criminal case by adopting the relevant portion of the Third Court of Appeals' Memorandum Opinion. *See* Dkt. No. 12 at 3–7. The Court need not repeat it here.

Texas Department of Criminal Justice (TDCJ) for each count, to be served concurrently. Dkt. No. 11-6 at 218–23. Petitioner filed an appeal, but the Third Court of Appeals affirmed the judgments of the trial court in an unpublished opinion. *See Peiser v. State*, Appeal No. 03-19-00749-CR, 2021 WL 497622 (Tex.App.—Austin, Oct. 27, 2021). Then, the Texas Court of Criminal Appeals (TCCA) refused Petitioner's Petition for Discretionary Review (PDR). *See* PD-0876-21.

Petitioner filed a state application for writ of habeas corpus, challenging the grounds raised in this petition, as well as several more not raised here. *See* Dkt. No. 11-22 at 5–60. The TCCA denied the application without written order on September 20, 2023. *See* Dkt. Nos. 11-20; 11-1 at 24.

Petitioner filed his federal petition on October 11, 2023.[2] The Court understands Petitioner to challenge his conviction and sentence on these grounds:

1) He was denied effective assistance of trial counsel before trial when his attorney failed to (a) conduct an investigation into the circumstances surrounding an unreasonable search, (b) file a motion to suppress, and (c) use that information to impeach officers' testimony to undermine their credibility and the State's theory;

2) He was denied effective assistance of counsel on appeal when counsel failed to investigate and notice the unreasonable search, and thus raise errors committed by trial counsel as points of error on appeal; and

3) The prosecutors engaged in misconduct by presenting and failing to correct false testimony by the searching officers, which should have made evidence related to the search excludable from the jury's consideration.

Respondent contends that Petitioner's claims are all without merit and fail to overcome the deferential standard imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Dkt. No. 12. Respondent argues that the TCCA reasonably concluded that Petitioner's trial attorney and appellate counsel were not

---

[2] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

ineffective, because Petitioner has not shown deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). And Respondent argues that the Court must defer to the TCCA's denial of his prosecutorial misconduct claim because he has failed to establish that any testimony was false, that the State knew that said testimony was false, or that the testimony was material. Thus, Respondent asserts that the petition should be dismissed with prejudice. In reply, Petitioner reasserts each of his claims and requests an evidentiary hearing. Dkt. No. 14.

## 2. Legal Standard

Section 2254 provides federal courts with an important but limited opportunity to review a state prisoner's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) (explaining that the statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"). This statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), creates a "highly deferential standard for evaluating state-court rulings, . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

The basic structure of the federal habeas statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Richter*, 562 U.S. at 103. First, the statute requires that a habeas petitioner exhaust his claims in state court. 28 U.S.C. § 2254(b). If the state court dismisses the claim on procedural grounds, then the claim is barred from federal review unless the petitioner shows cause and prejudice. *Richter*, 562 U.S. at 103. And if the state court denies the claim on the merits, then AEDPA's relitigation bar applies. *Lucio v. Lumpkin*, 987 F.3d 451, 464–65 (5th Cir. 2021).

### A. AEDPA's Relitigation Bar

Once a state a state court has rejected a claim on the merits, a federal court may grant relief on that claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state-court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (explaining that a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Federal habeas relief is precluded even when the state court's factual determination is debatable. *Id.* at 303. State-court factual determinations are

entitled to a "presumption of correctness" that a petitioner may rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This "deference extends not only to express findings of fact, but to the implicit findings of the state court." *Ford v. Davis*, 910 F.3d 232, 234–35 (5th Cir. 2018).

State courts need not provide reasons for their decisions, and even summary denials of relief are entitled to substantial deference. *Richter*, 562 U.S. at 100–01. Of course, when the state high court "explains its decision on the merits in a reasoned opinion," then the federal court's review is straightforward—it "simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). But when reviewing a summary denial, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* If the lower court's rationale is reasonable, the federal court must "presume that the unexplained decision adopted the same reasoning." *Id.* This presumption may be rebutted, however, by evidence that the summary decision "relied or most likely did rely on different grounds." *Id.* at 125–26. And when the lower state court decision is unreasonable, then it is more likely that the state high court's single-word decision rests on alternative grounds. *Id.* at 132.

In short, a reviewing court cannot "overlook[] arguments that would otherwise justify the state court's result." *Richter*, 562 U.S. at 102. A federal habeas court "must determine what arguments or theories supported, or . . . could have supported, the state court's decision" before considering "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent" with Supreme Court precedent. *Id.* "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Moreover, "federal habeas relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir. 1996). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas review is reserved only as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102–03. This standard is intentionally "difficult to meet." *Id.*

Finally, federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). In short, to overcome AEDPA's highly deferential, difficult standard, a petitioner "must show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny . . . relief was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans v. Davis*, 875 F.3d 210, 217 (5th Cir. 2017).

**B. Ineffective Assistance of Counsel**

The well-known standard applicable to ineffective-assistance-of-counsel claims is explained in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the two-pronged *Strickland* test, a petitioner must show that counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors

so serious that the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession.

A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 694).

Additionally, a petitioner must show that counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show that counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result. *Richter*, 562 U.S. at 112; *see also Pinholster*, 563 U.S. at 189.

In the context of § 2254(d), the deferential standard that must be given to counsel's representation must also be considered in tandem with the deference that must be accorded state-court decisions, which has been called "doubly" deferential. *Richter*, 562 U.S. at 105.

"When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Additionally, if a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697.

**3. Discussion**

The Court thoroughly examined Petitioner's pleadings, Respondent's answer, the relevant state court records, and the applicable law. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction."). As explained below and based on the facts and law set forth in Respondent's answer, the Court denies Petitioner's claims because he has not overcome AEDPA's relitigation bar.

Petitioner raised each of his claims in his state habeas proceedings, and the TCCA rejected them on the merits.[3] The TCCA's summary denial is entitled to substantial deference. *Richter*, 562 U.S. at 100–01. And, as thoroughly explained by Respondent, Petitioner has not met the demanding standard for overcoming that deference.[4] Simply put, he has failed to show that the state court's ruling on his claims was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *See id.* at 102.

---

[3] Under Texas law, denial of a habeas petition, rather than a dismissal, signifies that the state habeas court's adjudication of claims was on the merits. *See Salazar v. Dretke,* 419 F.3d 384, 398–99 (5th Cir. 2005).

[4] Respondent has adequately addressed each of Petitioner's grounds, and the Court need not repeat its arguments. *See* Dkt. No. 12, 13–23.

In sum, Petitioner has failed to show that the state court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Thus, he is not entitled to federal habeas relief.

**4. Conclusion**

For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court finds Petitioner's claims should be denied.

The Court therefore orders:

(1) The petition for writ of habeas corpus is denied and dismissed with prejudice.

(2) All relief not granted is denied, and any pending motions are denied.

(3) Under Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth above and in Respondent's answer, Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

Dated September 30, 2026.

JAMES WESLEY HENDRIX
United States District Judge